IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAISINGER, ET AL.                          :
                                           :    CIVIL ACTION
   v.                                      :
                                           :    NO. 18-855
WALMART STORES, INC., ET AL.               :

**O R D E R**

**AND NOW**, this 9th day of April, 2024, upon consideration of the Defendants' Omnibus Motion *in Limine* (ECF No. 170), and all documents submitted in support thereof and in opposition thereto, it is **ORDERED** that Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiffs are precluded from introducing evidence or arguments that Defendants spoliated the sign pole involved in the accident.

2. Plaintiffs are precluded from introducing evidence or arguments that Defendants spoliated the surveillance footage of the accident, and we will not issue an adverse inference or other spoliation sanction.

3. The reports, opinions, and testimony of Scott Jacoby are inadmissible.

4. Defendants' motion to exclude the reports, opinions, and testimony of Irene Mendelsohn is denied.

5. The parties are precluded from introducing evidence of the Social Security Administration's disability determination of Ms. Kaisinger and introducing opinions that rely on or reference the Social Security Administration's determination.

6. Defendant's motion to exclude any opinion based on Dr. Joely Esposito's initial testing is denied.

7.      We defer a ruling on the admissibility of social media posts of Defendants' 30(b)(6) deponent Alexander Abramczyk until trial.

**IT IS SO ORDERED.**

                **BY THE COURT:**

                *s/ R. Barclay Surrick*
                **R. BARCLAY SURRICK, J.**